UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-62855-civ-Dimitrouleas/Seltzer

RODGER FORBES,

       Plaintiff,
v.

CARIB'S CABLE AND FIBER L.L.C,
SUTRA COMMUNICATION INC,
VAUGHN FARQUHARSON,

       Defendants.
_____/

## AMENDED COMPLAINT
*{Jury Trial Demanded}*

      Plaintiff, RODGER FORBES, brings this action against Defendants, CARIB'S CABLE AND FIBER L.L.C, SUTRA COMMUNICATION INC, and VAUGHN FARQUHARSON, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiff RODGER FORBES was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.     At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, interstate telephone communication with Defendant Vaughn Farquharson while he was in Oklahoma.

4.     At all times material hereto, Defendant, CARIB'S CABLE AND FIBER L.L.C, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of cable and fiber infrastructure, at all times material hereto was the "employer" of

Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, SUTRA COMMUNICATION INC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of cable and fiber infrastructure, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, SUTRA COMMUNICATION INC and CARIB'S CABLE AND FIBER L.L.C, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Defendants, SUTRA COMMUNICATION INC and CARIB'S CABLE AND FIBER L.L.C, were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8. Defendant, VAUGHN FARQUHARSON, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, SUTRA COMMUNICATION INC, and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, VAUGHN FARQUHARSON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, VAUGHN FARQUHARSON, was, and now is, a manager of Defendant, CARIB'S CABLE AND FIBER L.L.C, and controlled Plaintiff's duties, hours worked, and

compensation. Accordingly, VAUGHN FARQUHARSON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Two or more of Defendant SUTRA COMMUNICATION INC's employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business including but not limited to vehicles, computers, computer mice, computer keyboards, computer monitors, and telephones.

11. Two or more of Defendant CARIB'S CABLE AND FIBER L.L.C's employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business including but not limited to vehicles, computers, computer mice, computer keyboards, computer monitors, and telephones.

12. Plaintiff RODGER FORBES worked for Defendants as a tech assistant that, among other things, installed telecommunications equipment.

13. Defendants failed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

14. Defendants failed to pay Plaintiff his full and proper minimum wages for certain hours worked during Plaintiff's employment.

15. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

16. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

17. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

18. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

          Respectfully submitted,

          Koz Law, P.A.
          320 S.E. 9th Street
          Fort Lauderdale, Florida 33316
          Phone: (786) 924-9929
          Fax:   (786) 358-6071
          Email: ekoz@kozlawfirm.com

          _____
          Elliot Kozolchyk, Esq.
          Bar No.: 74791

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on January 4, 2019 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Adi Amit, Esq.
*Counsel for Defendant Sutra Communication Inc*
Adi Amit, P.A.
101 NE Third Avenue Suite 300
Fort Lauderdale, Florida 33301
Tel: (954) 533-5922
Email: adi@defenderofbusiness.com