## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 0:18-cv-62855-WPD

RODGER FORBES,

    Plaintiff,

v.

CARIB'S CABLE AND FIBER L.L.C,
SUTRA COMMUNICATION INC,
VAUGHN FARQUHARSON,

    Defendants.

_____/

### **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, CARIB'S CABLE AND FIBER L.L.C, SUTRA COMMUNICATION INC, and VAUGHN FARQUHARSON, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff Amended Complaint [DE #10] as follows:

1. Denied.

2. Defendants are without independent knowledge as to the truthfulness or accuracy of the allegation concerning Plaintiff's residency but presume it to be true for venue purposes only. All other allegations are denied.

3. Denied.

4. Admitted that CARIB'S CABLE AND FIBER L.L.C was, at all material times, a Florida limited liability company. Admitted that its principal place of business was, at all material times, in South Florida. Admitted that it engaged in commerce. All other allegations are denied.

5. Admitted that SUTRA COMMUNICATION INC was, at all material times, a Florida corporation. Admitted that its principal place of business was, at all material times, in South Florida. Admitted that it engaged in commerce. All other allegations are denied.

6. Denied.

7. Denied.

8. Admitted only that VAUGHN FARQUHARSON was a resident of Palm Beach County. All other allegations are denied.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted that Plaintiff provided installation services for CARIB'S CABLE AND FIBER L.L.C. All other allegations are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendants are without independent knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph. Therefore, denied.

### Count I
### Violation of the Fair Labor Standards Act ("FLSA")
### All Defendants

19. Defendants restate and incorporate their responses to Paragraphs 1-18, above, as if fully stated herein.

20. Denied that Plaintiff is entitled to any relief sought under the FLSA.

21. Denied that Plaintiff is entitled to any relief sought under the FLSA.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work the hours he is alleging she is owed payment for or for weeks in which he did not work during the relevant time period.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

During several weeks of his employment, Plaintiff was paid on a daily basis. Therefore, to the extent Plaintiff worked any overtime during those weeks, he would be entitled only to half time premium for those hours in addition to his daily rate, and not time and a half. See, *29 CFR 778.112*.

### Fourth Affirmative Defense

During several weeks of his employment, Plaintiff was paid on commission basis. Therefore, to the extent Plaintiff worked any overtime during those weeks, he would be entitled only to half time premium for those hours in addition to his daily rate, and not time and a half. See, *29 CFR 778.118*.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to her principal activities.

**Sixth Affirmative Defense**

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

**Seventh Affirmative Defense**

Plaintiff was not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant)**;** *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Eighth Affirmative Defense

Plaintiff was a not covered individual under §207 of the Fair Labor Standards Act of 1938, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). See, *Batista v. WM Int'l Grp., LLC*, 2016 U.S. Dist. LEXIS 35365, *7-9 (S.D. Fla. Mar. 18, 2016); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *3-4 (S.D. Fla. Jan. 22, 2016); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010). Specifically, the entity Defendants' gross receipts for 2018 did not meet or exceed the statutory requirement of $500,000.00.

### Ninth Affirmative Defense

To the extent the entity Defendants are found not to be liable, VAUGHN FARQUHARSON is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant(s). See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 17th day of January, 2019

> ADI AMIT, P.A.
> 101 Centre
> 101 N.E. Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> E-mail: adi@defenderofbusiness.com
>
> By: *s/Adi Amit*_____
>     Adi Amit, Esquire
>     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2019, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By:___*/s Adi Amit*_____
>     Adi Amit, Esquire
>     Florida Bar No: 35257

## SERVICE LIST

*Rodger Forbes v. Carib's Cable and Fiber, LLC et al*
S.D. Fla. Case No.: 0:18-cv-62855-WPD

| | |
|---|---|
| Elliot Kozolchyk, Esquire | Adi Amit, Esquire |
| Koz Law, P.A. | ADI AMIT, P.A. |
| 320 S.E. 9th Street | 101 Centre |
| Ft. Lauderdale, FL 33316 | 101 NE Third Avenue |
| ekoz@kozlawfirm.com | Suite 300 |
| *Counsel for Plaintiff* | Fort Lauderdale, Florida 33301 |
| | adi@defenderofbusiness.com |
| | *Counsel for Defendants* |