## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "SETTLEMENT AGREEMENT") is made by and between RODGER FORBES (herein referred to as "FORBES"), together with his heirs, agents, legal representatives, successors, assigns and attorneys; and CARIB'S CABLE AND FIBER L.L.C., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; SUTRA COMMUNICATION, INC., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; and VAUGHN FARQUHARSON, together with his heirs, agents, legal representatives, successors, assigns and attorneys (CARIB'S CABLE AND FIBER L.L.C., SUTRA COMMUNICATION, INC., and VAUGHN FARQUHARSON are referred to herein collectively as "CARIB'S PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment**. As consideration for the release of any and all claims that FORBES may have against CARIB'S PARTIES as of the date of execution of this SETTLEMENT AGREEMENT, CARIB'S PARTIES agree to pay and deliver to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, the total sum of Ten Thousand and 00/100 Dollars ($10,000.00) in in the form of thirty-seven (37) checks with check dates, amounts, and made payable to as follows:

| Check | Date of Each Check from Court Approval of this Settlement Agreement | Check Amount | To Koz Law P.A. | To Rodger Forbes |
|---|---|---|---|---|
| 1 | 10 days | $ 500.00 | $400 | $100 |
| 2 | 40 days | $ 500.00 | $400 | $100 |
| 3 | 70 days | $ 500.00 | $400 | $100 |
| 4 | 100 days | $ 500.00 | $400 | $100 |
| 5 | 130 days | $ 500.00 | $400 | $100 |
| 6 | 160 days | $ 500.00 | $400 | $100 |
| 7 | 190 days | $ 500.00 | $400 | $100 |
| 8 | 220 days | $ 500.00 | $400 | $100 |
| 9 | 250 days | $ 500.00 | $400 | $100 |
| 10 | 280 days | $ 500.00 | $400 | $100 |
| 11 | 310 days | $ 500.00 | $400 | $100 |
| 12 | 340 days | $ 500.00 | $400 | $100 |
| 13 | 370 days | $ 500.00 | $400 | $100 |
| 14 | 400 days | $ 500.00 | $400 | $100 |
| 15 | 430 days | $ 500.00 | $400 | $100 |

FORBES  R.F.   CARIB'S PARTIES_____

| | | | | |
|---|---|---|---|---|
| 16 | 460 days | $ 500.00 | $400 | $100 |
| 17 | 490 days | $ 500.00 | $100 | $400 |
| 18 | 520 days | $ 500.00 | | $500 |
| 19 | 550 days | $ 500.00 | | $500 |
| 20 | 580 days | $ 500.00 | | $500 |
| | **Total** | **$10,000.00** | **$6,500.00** | **$3,500.00** |

All checks shall be delivered to Koz Law, P.A. no later than 10 days after the Court's approval of this agreement. Additionally, Defendants agree to pay the mediator's fee. All payments pursuant to this Paragraph shall be reported on IRS Form 1099. No payment pursuant to this Paragraph shall be deposited prior to the date listed on the check.

The total amount paid pursuant to this Paragraph is for all damages, attorneys' fees, and costs Plaintiff may be entitled to. The settlement agreed hereto is final and Plaintiff's counsel will take all necessary action to obtain court approval.

**PRIOR TO AND IN ORDER FOR THE PAYMENTS TO BE MADE PURSUANT TO THIS PRAGRAPH, FORBES AND KOZ LAW, P.A. SHALL PROVIDE SIGNED IRS FORMS W9 TO CARIB'S PARTIES' COUNSEL.**

The parties agree that they are responsible for their own respective tax liability properly incurred as a consequence of the payments made under this agreement.

2. **Non-Admission.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act. CARIB'S PARTIES deny any and all liability to FORBES and nothing in this SETTLEMENT AGREEMENT shall be construed as an admission of wrongdoing by CARIB'S PARTIES.

3. **Release.** FORBES agrees to fully release CARIB'S PARTIES from any and all claims that FORBES may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which FORBES now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;

FORBES R.F.                                                                                   CARIB'S PARTIES_____

- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Miami-Dade County Wage Ordinance.
- Broward County Wage Ordinances.
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any and all claims related to FORBES's employment with CARIB'S PARTIES;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Similarly, CARIB'S PARTIES agree to fully release FORBES from any and all claims that CARIB'S PARTIES may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which CARIB'S PARTIES now own or hold.

**4. Voluntary Dismissal of Suit**. In the case of *Rodger Forbes v. Carib's Cable and Fiber, L.L.C., et al.*, case no. 0:18-cv-62855-WPD, the parties shall seek the Court's approval of this settlement agreement and dismissal of Plaintiff's claims with prejudice conditioned on the Court's retention of jurisdiction to enforce this settlement agreement.

**5. Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that FORBES shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this SETTLEMENT AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of FORBES's claim from the time the settlement was agreed upon forward. In the event any other person or entity asks FORBES about the lawsuit or about any of the disputes relating to FORBES's alleged employment with CARIB'S PARTIES, FORBES shall respond only that the matter was amicably resolved and shall provide no further information.

CARIB'S PARTIES agree that the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that CARIB'S PARTIES and its legal representatives

FORBES R.F.        CARIB'S PARTIES_____

shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this SETTLEMEENT AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of CARIB'S PARTIES's claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks CARIB'S PARTIES about the lawsuit or about any of the disputes relating to FORBES's employment with CARIB'S PARTIES, CARIB'S PARTIES and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude FORBES and CARIB'S PARTIES from disclosing the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT: a) a lawful spouse (as applicable), legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this SETTLEMENT AGREEMENT.

**6. Non-Disparagement.** FORBES agrees not to make any disparaging or negative remarks concerning CARIB'S PARTIES or any of its parents, subsidiaries, affiliated corporations or associations, and/or representatives. CARIB'S PARTIES agree not to make any disparaging or negative remarks concerning FORBES.

**7. No-Rehire.** FORBES agree that he will not apply to, or attempt to apply to any position, in any capacity, with the Defendants. The Parties further agree that in the event FORBES applies for a position with any of the Defendants, the Defendants may reject his application without any reason and without any liability.

**8. Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the SETTLEMENT AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this SETTLEMENT AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

**9. Failure to Make Timely Payment or if Payment Does Not Clear**: In the event CARIB'S PARTIES fails to make payment as required by Paragraph 1, above, or if payment fails to clear after deposit, FORBES shall notify CARIB'S PARTIES's counsel Adi Amit, Esq., Adi Amit, P.A., 101 NE 3rd Ave., Suite 300, Fort Lauderdale, FL 33301 by electronic mail at adi@defenderofbusiness.com that payment is late or has not cleared and will allow five (5) days (excluding Saturday, Sunday and legal holidays) to cure the default. If, after allowing five (5) days to cure, payment pursuant to Paragraph 1, above, is still not made, FORBES shall be entitled to Final Judgment in his favor and against the CARIB'S PARTIES, jointly and severally, in the amount of $15,600.00 less all payments actually made pursuant to Paragraph 1 above. Further, in the event cure pursuant to this Paragraph is needed, FORBES shall be entitled to an additional $250.00 per occurrence, after the fifth occurrence.

FORBES R.F.                                                            CARIB'S PARTIES_____

**10. Application of the laws of the State of Florida.** This SETTLMENT AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward.

**11. Entire Agreement.** This SETTLEMENT AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

**12. Construction.** This SETTLEMENT AGREEMENT has been jointly negotiated. The language of this SETTLEMENT AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the SETTLEMENT AGREEMENT.

**13. Enforceability.** Except for section 1, which shall not be modified or severable, if any term or condition of this SETTLEMENT AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this SETTLEMENT AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this SETTLEMENT AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this SETTLEMENT AGREEMENT.

**14. Modification.** This SETTLEMENT AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this SETTLEMENT AGREEMENT.

**15. Binding Effect.** All of the terms of this SETTLEMENT AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

**16. Legal Proceedings:** If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs including attorney's fees and costs incurred during collections, in addition to any other relief to which it may be entitled.

**17. Agreement Not to Be Used as Evidence.** This SETTLEMENT AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this SETTLEMENT AGREEMENT seeks to enforce this SETTLEMENT AGREEMENT, and this SETTLEMENT AGREEMENT has been breached or seeks contribution for amounts paid under this SETTLEMENT AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this SETTLEMENT AGREEMENT.

FORBES R.E.                                                                                   CARIB'S PARTIES_____

**18. Signatures in Counterparts**. This SETTLEMENT AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Plaintiff:

Date: 05/25/2019  _R Forbes_
RODGER FORBES

Defendants:

Date: _____   _____
CARIB'S CABLE AND FIBER L.L.C.
Title:
Name:

Date: _____   _____
SUTRA COMMUNICATION, INC.
Title:
Name:

Date: _____   _____
VAUGHN FARQUHARSON

FORBES_____                                    CARIB'S PARTIES_____

6

## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "SETTLEMENT AGREEMENT") is made by and between RODGER FORBES (herein referred to as "FORBES"), together with his heirs, agents, legal representatives, successors, assigns and attorneys; and CARIB'S CABLE AND FIBER L.L.C., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; SUTRA COMMUNICATION, INC., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; and VAUGHN FARQUHARSON, together with his heirs, agents, legal representatives, successors, assigns and attorneys (CARIB'S CABLE AND FIBER L.L.C., SUTRA COMMUNICATION, INC., and VAUGHN FARQUHARSON are referred to herein collectively as "CARIB'S PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment.** As consideration for the release of any and all claims that FORBES may have against CARIB'S PARTIES as of the date of execution of this SETTLEMENT AGREEMENT, CARIB'S PARTIES agree to pay and deliver to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, the total sum of Ten Thousand and 00/100 Dollars ($10,000.00) in in the form of thirty-seven (37) checks with check dates, amounts, and made payable to as follows:

| Check | Date of Each Check from Court Approval of this Settlement Agreement | Check Amount | To Koz Law P.A. | To Rodger Forbes |
|---|---|---|---|---|
| 1 | 10 days | $ 500.00 | $400 | $100 |
| 2 | 40 days | $ 500.00 | $400 | $100 |
| 3 | 70 days | $ 500.00 | $400 | $100 |
| 4 | 100 days | $ 500.00 | $400 | $100 |
| 5 | 130 days | $ 500.00 | $400 | $100 |
| 6 | 160 days | $ 500.00 | $400 | $100 |
| 7 | 190 days | $ 500.00 | $400 | $100 |
| 8 | 220 days | $ 500.00 | $400 | $100 |
| 9 | 250 days | $ 500.00 | $400 | $100 |
| 10 | 280 days | $ 500.00 | $400 | $100 |
| 11 | 310 days | $ 500.00 | $400 | $100 |
| 12 | 340 days | $ 500.00 | $400 | $100 |
| 13 | 370 days | $ 500.00 | $400 | $100 |
| 14 | 400 days | $ 500.00 | $400 | $100 |
| 15 | 430 days | $ 500.00 | $400 | $100 |

FORBES_____                                        CARIB'S PARTIES V· F

| 16 | 460 days | $ 500.00 | $400 | $100 |
|----|----------|----------|------|------|
| 17 | 490 days | $ 500.00 | $100 | $400 |
| 18 | 520 days | $ 500.00 |  | $500 |
| 19 | 550 days | $ 500.00 |  | $500 |
| 20 | 580 days | $ 500.00 |  | $500 |
|  | **Total** | **$10,000.00** | **$6,500.00** | **$3,500.00** |

All checks shall be delivered to Koz Law, P.A. no later than 10 days after the Court's approval of this agreement. Additionally, Defendants agree to pay the mediator's fee. All payments pursuant to this Paragraph shall be reported on IRS Form 1099. No payment pursuant to this Paragraph shall be deposited prior to the date listed on the check.

The total amount paid pursuant to this Paragraph is for all damages, attorneys' fees, and costs Plaintiff may be entitled to. The settlement agreed hereto is final and Plaintiff's counsel will take all necessary action to obtain court approval.

**PRIOR TO AND IN ORDER FOR THE PAYMENTS TO BE MADE PURSUANT TO THIS PRAGRAPH, FORBES AND KOZ LAW, P.A. SHALL PROVIDE SIGNED IRS FORMS W9 TO CARIB'S PARTIES' COUNSEL.**

The parties agree that they are responsible for their own respective tax liability properly incurred as a consequence of the payments made under this agreement.

2. **Non-Admission.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act. CARIB'S PARTIES deny any and all liability to FORBES and nothing in this SETTLEMENT AGREEMENT shall be construed as an admission of wrongdoing by CARIB'S PARTIES.

3. **Release.** FORBES agrees to fully release CARIB'S PARTIES from any and all claims that FORBES may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which FORBES now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;

FORBES_____                                                      CARIB'S PARTIES Y-F

2

- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Miami-Dade County Wage Ordinance.
- Broward County Wage Ordinances.
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any and all claims related to FORBES's employment with CARIB'S PARTIES;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Similarly, CARIB'S PARTIES agree to fully release FORBES from any and all claims that CARIB'S PARTIES may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which CARIB'S PARTIES now own or hold.

4. **Voluntary Dismissal of Suit**. In the case of *Rodger Forbes v. Carib's Cable and Fiber, L.L.C., et al.*, case no. 0:18-cv-62855-WPD, the parties shall seek the Court's approval of this settlement agreement and dismissal of Plaintiff's claims with prejudice conditioned on the Court's retention of jurisdiction to enforce this settlement agreement.

5. **Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that FORBES shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this SETTLEMENT AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of FORBES's claim from the time the settlement was agreed upon forward. In the event any other person or entity asks FORBES about the lawsuit or about any of the disputes relating to FORBES's alleged employment with CARIB'S PARTIES, FORBES shall respond only that the matter was amicably resolved and shall provide no further information.

CARIB'S PARTIES agree that the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that CARIB'S PARTIES and its legal representatives

FORBES_____                                                                            CARIB'S PARTIES Y. F.

3

shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this SETTLEMEENT AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of CARIB'S PARTIES's claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks CARIB'S PARTIES about the lawsuit or about any of the disputes relating to FORBES's employment with CARIB'S PARTIES, CARIB'S PARTIES and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude FORBES and CARIB'S PARTIES from disclosing the existence, terms, conditions and monetary amount of this SETTLEMENT AGREEMENT: a) a lawful spouse (as applicable), legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this SETTLEMENT AGREEMENT.

6. **Non-Disparagement**. FORBES agrees not to make any disparaging or negative remarks concerning CARIB'S PARTIES or any of its parents, subsidiaries, affiliated corporations or associations, and/or representatives. CARIB'S PARTIES agree not to make any disparaging or negative remarks concerning FORBES.

7. **No-Rehire**. FORBES agree that he will not apply to, or attempt to apply to any position, in any capacity, with the Defendants. The Parties further agree that in the event FORBES applies for a position with any of the Defendants, the Defendants may reject his application without any reason and without any liability.

8. **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the SETTLEMENT AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this SETTLEMENT AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

9. **Failure to Make Timely Payment or if Payment Does Not Clear**: In the event CARIB'S PARTIES fails to make payment as required by Paragraph 1, above, or if payment fails to clear after deposit, FORBES shall notify CARIB'S PARTIES's counsel Adi Amit, Esq., Adi Amit, P.A., 101 NE 3rd Ave., Suite 300, Fort Lauderdale, FL 33301 by electronic mail at adi@defenderofbusiness.com that payment is late or has not cleared and will allow five (5) days (excluding Saturday, Sunday and legal holidays) to cure the default. If, after allowing five (5) days to cure, payment pursuant to Paragraph 1, above, is still not made, FORBES shall be entitled to Final Judgment in his favor and against the CARIB'S PARTIES, jointly and severally, in the amount of $15,600.00 less all payments actually made pursuant to Paragraph 1 above. Further, in the event cure pursuant to this Paragraph is needed, FORBES shall be entitled to an additional $250.00 per occurrence, after the fifth occurrence.

FORBES_____                                                                                          CARIB'S PARTIES V. F

4

**10. Application of the laws of the State of Florida**. This SETTLMENT AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward.

**11. Entire Agreement**. This SETTLEMENT AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

**12. Construction**. This SETTLEMENT AGREEMENT has been jointly negotiated. The language of this SETTLEMENT AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the SETTLEMENT AGREEMENT.

**13. Enforceability**. Except for section 1, which shall not be modified or severable, if any term or condition of this SETTLEMENT AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this SETTLEMENT AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this SETTLEMENT AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this SETTLEMENT AGREEMENT.

**14. Modification**. This SETTLEMENT AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this SETTLEMENT AGREEMENT.

**15. Binding Effect**. All of the terms of this SETTLEMENT AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

**16. Legal Proceedings:** If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs including attorney's fees and costs incurred during collections, in addition to any other relief to which it may be entitled.

**17. Agreement Not to Be Used as Evidence**. This SETTLEMENT AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this SETTLEMENT AGREEMENT seeks to enforce this SETTLEMENT AGREEMENT, and this SETTLEMENT AGREEMENT has been breached or seeks contribution for amounts paid under this SETTLEMENT AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this SETTLEMENT AGREEMENT.

FORBES_____ CARIB'S PARTIES Y·F

5

**18. Signatures in Counterparts.** This SETTLEMENT AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Plaintiff:

Date: _____    _____
                       RODGER FORBES

Defendants:

Date: 05/21/19    _____
                  CARIB'S CABLE AND FIBER L.L.C.
                  Title: OWNER
                  Name: VAUGHN FARQUHARSON

Date: 05/21/19    _____
                  SUTRA COMMUNICATION, INC.
                  Title: President
                  Name: Vaughn Farquharson

Date: 05/21/19    _____
                  VAUGHN FARQUHARSON

FORBES_____                                    CARIB'S PARTIES ✓·F

6