UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-62855-CIV-DIMITROULEAS/HUNT

RODGER FORBES,

    Plaintiff,

v.

CARIB'S CABLE AND FIBER L.L.C.,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before this Court on Plaintiff Rodger Forbes' Motion to Enforce Judgment. ECF No. 26. The Honorable William P. Dimitrouleas referred the instant motion to the undersigned for appropriate disposition or for a report and recommendation. ECF No. 27; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, Response and Reply thereto, applicable law, and argument of counsel at the January 18, 2023, hearing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion, ECF No. 26, be GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff Rodger Forbes brought this action against Defendants Carib's Cable and Fiber L.L.C, Sutra Communication Inc, and Vaughn Farquharson for violations under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq*. ECF No. 1. The Parties negotiated a settlement and submitted the agreement for approval. ECF No. 24. The District Court approved the settlement agreement, dismissed the case with prejudice, and retained jurisdiction to enforce the terms of the agreement. ECF No. 25. Two years later, Plaintiff

now moves this Court to enforce the agreement due to a missed payment from January 2020. ECF No. 26. Defendants filed a response in opposition and Plaintiff filed a reply in support of the motion. ECF Nos. 30, 31. The undersigned held a hearing on the Motion on January 18, 2023. ECF No. 34.

## PARTIES' ARGUMENTS

Plaintiff contends that a check for one of the scheduled payments was returned by the bank due to insufficient funds. Plaintiff argues that, pursuant to the default provision of the settlement agreement, counsel for Plaintiff notified Defendants' counsel of the missed payment. After multiple failed attempts to communicate, which spanned over one year, Plaintiff filed the instant motion to enforce the agreement's default provision. As spelled out in the agreement, see below, Plaintiff contends that he is entitled to $15,600 minus the amount paid by Defendants ($9,500), which equals $6,100. Plaintiff also seeks an award of attorneys' fees in the amount of $1,350.50 for 3.6 hours of work.

Defendants respond that Plaintiff is attempting to obtain a windfall. Defendants contend that all other payments were made except this one, and that Plaintiff never provided notice of the missed payment. Defendants argue that they is willing to pay the $500 owed and an additional small sum in attorneys' fees.

## DISCUSSION

The enforcement of a settlement agreement falls outside the scope of ancillary jurisdiction of a federal court, even if the court had jurisdiction to hear the underlying case. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012); *see also Slaughter v. U.S. Dep't of Agric.*, 555 F. App'x 927, 929 (11th Cir. 2014) ("A claim for the enforcement of a settlement agreement is essentially a contract dispute for which there

must be some independent basis for federal jurisdiction."). However, a federal court can require compliance with a settlement agreement by specifically retaining jurisdiction to enforce the terms of the agreement. *Anago*, 677 F.3d at 1278.

Here, the Court's order approving the settlement agreement expressly retained jurisdiction over the agreement. ECF No. 25. Thus, this Court can enforce the agreement.

> Turning to the Parties' Settlement Agreement, the agreement states:
>
> Failure to Make Timely Payment or if Payment Does Not Clear: In the event CARIB'S PARTIES fails to make payment as required by Paragraph 1, above, or if payment fails to clear after deposit, FORBES shall notify CARIB'S PARTIES's counsel Adi Amit, Esq., Adi Amit, P.A., 101 NE 3rd Ave., Suite 300, Fort Lauderdale, FL 33301 by electronic mail at adi@defenderofbusiness.com that payment is late or has not cleared and will allow five (5) days (excluding Saturday, Sunday and legal holidays) to cure the default. If, after allowing five (5) days to cure, payment pursuant to Paragraph 1, above, is still not made, FORBES shall be entitled to Final Judgment in his favor and against the CARIB'S PARTIES, jointly and severally, in the amount of $15,600.00 less all payments actually made pursuant to Paragraph 1 above. Further, in the event cure pursuant to this Paragraph is needed, FORBES shall be entitled to an additional $250.00 per occurrence, after the fifth occurrence
> . . .
>
> Legal Proceedings: If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs including attorney's fees and costs incurred during collections, in addition to any other relief to which it may be entitled.

ECF No. 24-1.

Defendants' rejected check was for a payment due on January 13, 2020. Plaintiff timely notified Defendants' counsel of the missed payment on January 29, 2020, by sending an email to defense counsel alerting him of the default, as required by the settlement agreement. Pursuant to the agreement, Plaintiff satisfied his obligation under

the default provision and put the burden on Defendants to cure the default. Defendants never did. In fact, Plaintiff's counsel sent additional follow up emails in February 2020 and April 2021. Defendants' counsel finally responded in April 2021 and told Plaintiff's counsel that he had no information to give him. It was not until the filing of the instant motion, over a year later, that Defendants offered to pay the outstanding payment.

The undersigned finds that Plaintiff satisfied his obligations by providing notice of the default to Defendants' counsel and that Defendants failed to cure the default. Pursuant to the Parties' agreement, the default provision provides that Plaintiff is entitled to receive the difference between $15,600 and the amount actually paid, $9,500, which equals $6,100. The undersigned also finds that, pursuant to the legal proceedings provision of the agreement, Plaintiff is entitled to recover for attorneys' fees and costs for having to enforce the agreement. The undersigned finds that Plaintiff's requested hourly rate ($375) and the time expended (3.4 hours) are reasonable. Therefore, the undersigned finds that Plaintiff is entitled to attorneys' fees in the amount of $1,350. In total, the undersigned finds that Plaintiff is entitled to recover $7,450 as a result of Defendants' breach of the settlement agreement.

The undersigned hesitates to issue such an award due to the fact that a $500 bounced check is now resulting in a monetary award of $7,450. During the motion hearing, the undersigned requested counsel to confer and advise the undersigned if they were able to come to an agreement to a lesser penalty amount. The Parties did not. *See* ECF No. 35. In the end, the default provision was a bargained-for clause that became part of an agreement the Parties entered into voluntarily. Any issue as to the default provision should have been raised during settlement negotiations. Moreover, Defendants

had the opportunity to cure the default and did not. Accordingly, the result, while admittedly severe, is required by operation of the agreement. Therefore, the undersigned recommends that Plaintiff's Motion to Enforce the Settlement Agreement be GRANTED.

### RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion to Enforce the Settlement Agreement, ECF No. 26, be **GRANTED**, Plaintiff should recover $7,450 ($6,100 pursuant to the default provision and $1,350 in attorneys' fees for having to enforce the agreement).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 30th day of January 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record